IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RICKY BOLTON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:12-CV-025 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO
## DISMISS PETITION FOR WRIT OF HABEAS CORPUS

Petitioner RICKY BOLTON has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction out of the 108th District Court of Potter County, Texas, for the offense of possession of a controlled substance and the resultant two-year sentence. For the reasons hereinafter expressed, the United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DISMISSED.

I.
PETITIONER'S ALLEGATIONS

Petitioner contends respondent is holding him in violation of the Constitution and laws of the United States for the following reasons:

1. The evidence supporting the conviction is insufficient.

2. The State used the name "Ricky Bolton, Jr." in describing petitioner, when petitioner's name is only "Ricky Bolton."

II.
## BASIC REQUIREMENTS OF A HABEAS CORPUS PETITION

*A. Petitioner's Confinement*

It is axiomatic that a habeas corpus petitioner must confined pursuant to the conviction he or she challenges in the habeas corpus proceedings. 28 U.S.C. § 2254(a). Section 2254(a) of the federal habeas corpus statute "confers habeas jurisdiction on federal courts for state prisoners only if they are 'in custody pursuant to the judgment of a State court.'" *Tharpe v. Thaler*, 628 F.3d 719, 722-23 (5th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). Therefore, if a habeas corpus petitioner is not confined pursuant to the challenged judgment, the Court lacks jurisdiction to review the case.

In this case, upon initial review of the petition, it appeared petitioner was challenging a conviction for possession of a controlled substance handed down from the 108th District Court of Potter County, Texas in November 2009. The sentence petitioner received was for two years' confinement. Therefore, it seemed that, as of the day petitioner filed his federal habeas corpus petition in December 2011, petitioner would have already served his two-year sentence.

To resolve this potential issue, the Court issued a Briefing Order on February 2, 2012 directing petitioner to state the conviction pursuant to which he is now confined. In his response to the Order, petitioner indicated he is confined pursuant to the challenged possession of a controlled substance conviction. When the Court of Criminal Appeals dismissed petitioner's state habeas corpus application, it did so because the sentence was discharged. *In re Bolton*, WR-76,584-01, Order of November 16, 2011. Clearly there is some disagreement between petitioner and the Court of Criminal Appeals about whether petitioner has discharged the sentence out of Potter County, cause number 58,534-01-E. Evaluating the Texas Department of Criminal Justice's (TDCJ) Online Offender Information Database, the Court is unable to determine the conviction on which petitioner

remains incarcerated.

Whether petitioner remains confined pursuant to the drug possession conviction that he now challenges is a jurisdictional matter for this Court. 28 U.S.C. § 2254(a); *Tharpe v. Thaler*, 628 F.3d at 722-23. Were this the only bar to petitioner's pursuit of federal habeas corpus relief, the Court would order further briefing and investigation from respondent to finally resolve this matter. As explained below, however, the Court concludes that petitioner, in any event, is time barred from pursuit of federal habeas corpus relief. Compelling additional action on the confinement issue, when ultimately any further pursuit of federal habeas corpus relief would be futile, would be an inappropriate waste not only of judicial resources but also of petitioner's and respondent's resources and time. Therefore, the Court takes petitioner's representations as true and assumes petitioner satisfies the jurisdictional requirements of 28 U.S.C. § 2254(a).

*B. Petitioner's Timeliness*

A habeas corpus petitioner must establish the conviction he challenges in federal habeas corpus has been final for no longer than one year. 28 U.S.C. § 2244(d)(1)(A). A state conviction becomes final under this statute when there is no more "availability of direct appeal to the state courts." *Jimenez v. Quarterman*, 555 U.S. 113, 119, 129 S.Ct. 681, 172 L.Ed.2d 475 (2009). As the Texas court system relates to the federal habeas corpus statute, a state conviction that was appealed typically becomes final in one of three ways:  (i) after the Court of Criminal Appeals (CCA) issues a ruling on direct appeal, (ii) ninety days after the CCA denies a petition for discretionary review, or (iii) thirty days after the opinion of the intermediate state appellate court on direct appeal. The latter of these three pertains to the instant case. *See Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (holding if a petitioner elects not to file a pdr after the appellate court's decision, his

conviction becomes final for federal habeas corpus purposes thirty days after the appellate court's decision).

In this case, whether petitioner timely filed his habeas corpus petition hinges on whether he filed a petition for discretionary review (pdr) after the appellate court's ruling. In the habeas corpus petition, petitioner indicated that, in addition to a state habeas corpus application, he had filed a pdr. The history of petitioner's state court filings as recorded by the Texas Court of Criminal Appeals and the Second Court of Appeals indicated, however, no pdr was ever filed. Also, the cause number petitioner gave as the pdr cause number, WR-76,584-01, is the cause number for petitioner's state habeas corpus case. Finally, the information petitioner gave about the pdr, such as the date it was issued and the result of the pleading, mirrored the information petitioner gave for the state habeas corpus application. Consequently, the Court suspected petitioner had mistakenly indicated he had filed a pdr when in fact he had only filed a state habeas corpus application.

Therefore, in its February 2, 2012 Briefing Order, the Court set forth its suspicions and the basis for them and instructed petitioner to indicate whether the Court was correct in its conclusions regarding whether he filed a pdr. Petitioner's responded as follows:

> The case # 58,354-E is the start and then or second case trial is 07-09-003CR. Last I wrote an artical 11.07 to get my sentence retried and over turned. Then in Nov. 16, 2011 I was told: The courts dismisted your writ of habe courpus 11.07: This sentence has been discharged.

(Pleading filed by petitioner, February 10, 2012, doc. 9, pg 1) (sic throughout).

Cause number 58,354-E is the cause number out of the 108th District Court of Potter County, Texas. On direct appeal, the case was assigned the number 07-09-00376-CR. The cause number petitioner gives in his response, 07-09-003CR, refers to *Smith v. State*, an apparently unrelated case which was disposed of by the appellate court almost six months before petitioner was convicted.

The Court concludes petitioner inadvertently shortened the cause number of the appellate court decision in his case, which was 07-09-00376-CR, in his response to the Court's Briefing Order.

Taking these observations together, the Court concludes the events in petitioner's case occurred according to the following time line: Petitioner was convicted in Potter County, cause number 58,354-01-E, on November 17, 2009.[1] He directly appealed the conviction. On September 23, 2010, in cause number 07-09-00376-CR, the appellate court affirmed the conviction. A pdr on the opinion was due thirty days later, which was October 23, 2010. Tex. R. App. P. 68.2(a). October 23, 2010 was a Saturday, so had petitioner filed his pdr by October 25, 2010, the following Monday, it would have been considered timely filed. Tex. R. App. P. 4.1(a). There was no pdr filed, however. Consequently, the conviction became final on October 25, 2010. *See* Tex. R. App. P. 68.2(a); *Roberts*, 319 F.3d at 694-95. Petitioner filed a state habeas corpus application on September 20, 2011.

Petitioner's one-year federal habeas corpus time period started on October 25, 2010. He had until October 25, 2011 to file his federal habeas corpus petition. Petitioner's filing of the state habeas corpus application on September 20, 2011 stopped the federal clock. *See* 28 U.S.C. § 2244(d)(2). At that point, petitioner had allowed 330 days to pass since the finality of the conviction. He had 35 days left until the expiration of the federal habeas corpus deadline. When the CCA issued its ruling on the habeas corpus application, on November 16, 2011, the federal clock started again. Because petitioner still had 35 days left on the federal clock, his federal habeas corpus petition was due on December 21, 2011. Petitioner, however, did not file his federal habeas corpus

---

[1] This date is also problematic. In his federal petition, petitioner says he was convicted on November 16, 2009. The online databases of both the TDCJ and the state appellate court, however, indicate the conviction occurred on November 17, 2009. The Court uses the November 17, 2009 date because it is more favorable to petitioner in an analysis of when the conviction became final.

petition until December 29, 2011—over one week after the deadline had passed.

Petitioner's case appears to fall under 28 U.S.C. section 2244(d)(1)(A). The unique circumstances accounted for by the other provisions of section 2244(d) do not appear to apply to petitioner. Under section 2244(d)(1)(A), the Court is unable to review the merits of the instant petition because it is time barred. In limited circumstances, the Court is able to avoid the mandates of section 2244(d) by equitably tolling the one-year time period. *Holland v. Florida*, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). However, there appear to be no exceptional circumstances in this case warranting equitable tolling. Consequently, the habeas corpus petition is time barred.

### III.
### RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner RICKY BOLTON be DISMISSED.

### IV.
### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 27th day of February, 2012.

*[signature]*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. Petitioner. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. Petitioner. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. Petitioner. 72(b)(2); *see also* Fed. R. Civ. Petitioner. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).